UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO.  05-10082-WGY |
| MICHAEL FULLER | ) | |
|     Defendant | ) | |
| | ) | |

GOVERNMENT'S MOTION FOR A DOWNWARD DEPARTURE
AND SENTENCING RECOMMENDATION

The United States respectfully moves, pursuant to Section 5K1.1 of the United States Sentencing Guidelines, that the Court impose a sentence below the level otherwise established by the Federal Sentencing Guidelines in this case, so as to reflect the defendant Michael Fuller's substantial assistance in the investigation and prosecution of other persons who committed criminal offenses.  For reasons noted below, the government submits that the defendant has provided substantial assistance warranting a downward departure from his applicable, advisory guidelines sentencing range of 30 to 37 months under the Federal Sentencing Guidelines.  The government recommends, based on the defendant's substantial assistance and in accordance with the plea agreement signed by the parties, that the defendant be sentenced to a period of 21 months imprisonment, 3 years of supervised release, restitution in the amount of $7,381,106.51, and a $100 mandatory special assessment fee.  This is a three level departure from the applicable guidelines range, and it is appropriate and reasonable

1

given the extent, value and timeliness of the defendant's substantial assistance.

In support of this recommendation, the government submits that Mr. Fuller substantially assisted law enforcement authorities when he was first approached by Postal Inspectors, voluntarily agreeing to an interview and then assisting in the investigation. Mr. Fuller flew to this District from Florida to provide the government with a proffer, during which he gave a complete and truthful statement, admitting to his criminal conduct and providing incriminating evidence against the mastermind of the fraud, Daniel DelPiano ("DelPiano")(who has since pled guilty and been sentenced); and a co-defendant, Eileen Riggs ("Riggs") (who has pled guilty and is awaiting sentencing before this Court). During the proffer session, the defendant provided credible and crucial evidence against DelPiano and Riggs. After the proffer session, the defendant indicated his intent to plead guilty and to provide substantial assistance.

During the course of this case, the defendant met with authorities a few times and helped the government obtain charges against DelPiano and Riggs. Although the defendant did not testify at a trial, he was able and willing to. More importantly, the defendant's cooperation was a significant factor in obtaining the guilty pleas of two co-defendants in this case. Both DelPiano and Riggs knew that the defendant's testimony placed them as the key

perpetrators of the scheme, and that they could not credibly contest their fraudulent intent in the offense conduct. Mr. Fuller played a critical role in bringing this case to a successful conclusion, and his cooperation enabled the government to avoid a lengthy and cumbersome trial.

The quantum of departure that the government recommends reflects the government's assessment of the quantity and quality of Mr. Fuller's assistance. It takes into account the fact that the defendant's cooperation generated two guilty pleas, although he did not have to testify at trial. Additionally, it is important to note that in comparison to the criminal conduct of the other defendants in this case, Mr. Fuller's *knowing* involvement in the scheme was for a slightly shorter period of time. In all, Mr. Fuller accepted responsibility early on, was cooperative throughout and prompted the guilty pleas of 2 defendants in this case.

For all of the foregoing reasons, the government respectfully requests this Court to allow the government's motion for a downward departure and to adopt the recommended sentence.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY
                              District of Massachusetts

                         By:     /s/ Carmen M. Ortiz
                              CARMEN M. ORTIZ
                              Assistant U.S. Attorney

Date: November 14, 2005

3